IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KENNETH GREGORY BEBOUT,

    Plaintiff,

v.                                                           CASE NO. 1:10-cv-00144-MP -AK

JOHNS, WEEKLY, ROBERT WOODY,

    Defendants.

_____/

## O R D E R

Plaintiff, an inmate at Alachua County Jail, initiated this case by filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a motion for leave to proceed as a pauper (Doc. 5). The Complaint concerns an alleged denial of Plaintiff's First Amendment rights in connection with service of kosher meals at the jail.

Plaintiffs' motion to proceed as a pauper (Doc. 5), is **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee. Because Plaintiff has insufficient funds, the Court will not require Plaintiff to pay an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). However, Plaintiff is hereby assessed the total $350.00 filing fee in this case.

As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account. Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall

continue until the filing fee of $350.00 is paid in full. The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number (#); and, (3) Northern District of Florida Case Number (1:10cv144-MP/AK). Checks or money orders which do not have this information will be subject to return. Accordingly, the **Clerk** shall mail a copy of this Order by mail to: **Administrator of the Inmate Trust Fund Account at the Alachua County Jail, 3333 NE 39th Avenue, Gainesville, FL 32609**.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him/her lapses in its duty to make payments on his/her behalf. For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.

## **AMENDMENT OF COMPLAINT**

Pursuant to the Prison Litigation and Reform Act, the Court shall dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1). Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion.

Plaintiff must state specific facts supporting his claims against **each** defendant. While prisoners retain First Amendment rights, including the First Amendment right of free exercise of religion, regulations or policies "alleged to infringe constitutional rights [in prison] are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone v. Estate of Shabazz, 482 U.S. 340, 349, 107 S.

*Case No: 1:10-cv-00144-MP -AK*

Ct. 2400, 2404, 96 L. Ed. 2d 282 (1987). The Court in O'Lone directs federal courts to give respect and deference to the judgment of prison administrators even in First Amendment challenges raised within the confines of prison. *Id.* The standard of review requires that challenged prison regulations be upheld if they are "reasonably related to legitimate penological interests." O'Lone, 482 U.S. at 350, *utilizing the standard of* Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).

Thus, to find a free exercise violation in the prison context, a plaintiff must demonstrate that prison officials have employed a policy or regulation, not reasonably related to any legitimate penological interest or security measure, which burdens a practice of his religion or prevents him from engaging in conduct or having a religious experience which the faith mandates. This interference must be more than an inconvenience; the burden must be substantial and significantly interfere with Plaintiff's practice of his religious beliefs. *Cf.* Thornburgh v. Abbott, 490 U.S. 401, 418, 109 S. Ct. 1874, 1884, 104 L. Ed. 2d 459 (1989) (noting that O'Lone found prison regulations valid in part because the prisoners were permitted to participate in other Muslim religious ceremonies).

From a review of the complaint, it does not appear that the Alachua County Jail was basing its decision to deny Plaintiff kosher meals because of a policy, rather the decision was based on the particular circumstances of his case, i.e. that he was seen eating non-kosher foods and it was determined that it would not be a substantial burden on his practice to deny him kosher meals. Regardless, Plaintiff must follow the instructions in the complaint and describe what each defendant did or did not do that resulted in the denial of his meals.

Also, Plaintiff seeks injunctive relief only, i.e. a court order "that requires the Alachua County Jail to provide kosher meals to Jewish and Muslim inmates as soon as possible."

Plaintiff should amend his relief to seek relief only on his own behalf. This is not a class action lawsuit and Muslims do not eat kosher.

In light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to amend his Complaint to be more specific in asserting his claims against the individual defendants and to amend his injunctive relief in connection with his First Amendment claim. To amend his complaint, Plaintiff should <u>completely</u> fill out a new civil rights complaint form, marking it "Amended Complaint." The amended complaint must include all of Plaintiff's claims in this action and should not refer back to the original complaint. In amending, Plaintiff should carefully review the following to determine whether he can present allegations sufficient to state a cause of action:

> 1) Plaintiff must state what rights have been violated under the Constitution, laws or treaties of the United States. It is improper for the Plaintiff to merely list constitutional or federal rights. Further, Plaintiff must provide support in the statement of facts for the claimed violations.
>
> 2) Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint. Plaintiff should note that in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. Plaintiff must also show how he was harmed or injured by the actions and/or omissions of the defendant(s).
>
> 3) Plaintiff should name only defendants who participated in the alleged deprivation of constitutional rights or those persons who directed the action and/or omission that resulted in such deprivation.

The **Clerk** is directed to send the Plaintiff a blank Civil Rights Complaint form. After carefully considering whether he can state a cause of action in accordance with this Order, Plaintiff

shall submit his Amended Complaint within **TWENTY (20) DAYS** or by **September 6, 2010.** The failure to do so in the allotted time will result in the dismissal of this action

    **DONE AND ORDERED** this _24th_ day of August, 2010

          *s/Maurice M. Paul*
          Maurice M. Paul, Senior District Judge