IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KENNETH GREGORY BEBOUT,

    Plaintiff,

v.                                      CASE NO. 1:10-cv-00144-MP -GRJ

ROBERT WOODY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a Motion for Preliminary Injunction and as part of the requested relief requests the Court to appoint counsel to represent him. (Doc. 14). The gist of Plaintiff's amended complaint is that the Alachua County Jail violated his First Amendment rights by refusing to provide kosher meals. (Doc. 8). Summons has been issued, but the amended complaint has not yet been served upon the jail administrator. (See Doc. 13).

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). In order to obtain a preliminary injunction, Plaintiff must establish:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury if the injunction were not granted;

    (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant; and

    (4) that granting the injunction would not disserve the public interest.

Parker v. State Bd. of Pardons and Paroles, 275 F.3d 1032, 1035 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" on all four prerequisites. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

Plaintiff asserts that he has documented his "religious sincerity" for the jail, but the jail refuses to provide him kosher meals, although the private company that services the jail provides kosher meals to other jails with "minimal impact." Plaintiff has provided no sworn documentation supporting these allegations. He also claims that continued denial of kosher meals will result in irreparable harm to him, but he has not specified the nature of this harm and provided no documentation to support these allegations.

In his amended complaint (doc. 8), Plaintiff concedes that he was offered a vegan tray by the jail. The Florida Department of Corrections currently offers vegan meal patterns to accommodate the religious diet preferences of state inmates, and this policy has been held constitutional under the First Amendment. Young v. McNeil, No. 4:08-cv-44-SPM-WCS, 2009 WL 2058923 (N.D. Fla. July 13, 2009) (budgetary concerns and logistical constraints supported elimination of Jewish Dietary Accommodation Program within DOC). This policy has also been upheld under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Linehan v. Crosby, 346 Fed. Appx. 471 (11th Cir. 2009) (Florida DOC had compelling government interest (costs) in denying kosher meals). Accordingly, Plaintiff cannot demonstrate a

*substantial* likelihood of success on the merits of this claim.

In addition to the fact that Plaintiff cannot demonstrate a substantial likelihood of success on the merits, Plaintiff has failed to allege or show irreparable harm. See <u>Gibson v. Zavaras</u>, No. 09-cv-02328-WYD-KLM, 2010 WL 2543584 (D. Colo. January 22, 2010) (denial of kosher meals, even where weight loss alleged as a result, not irreparable injury where no medical records or other documentary evidence was provided; motion for injunctive relief denied).

Accordingly, in view of the fac that Plaintiff cannot demonstrate a substantial likelihood of success on the merits and has failed to show irreparable harm, Plaintiff's request for preliminary injunctive relief is due to be denied summarily.

Lastly, with regard to Plaintiff's request for appointment of counsel, a plaintiff in a civil case has no constitutional right to counsel. A court may, however, appoint counsel for an indigent plaintiff under 28 U.S.C. §1915(e)(1), but it has broad discretion in making this decision. <u>Bass v. Perrin</u>, 170 F.3d 1312 (11th Cir. 1999). Only exceptional circumstances warrant appointment, and not, as here, where "core facts" are not in dispute and the legal issues are not so novel or complex as to require the assistance of a trained practitioner, even if the assistance of a lawyer would undoubtedly be helpful. <u>Id.</u>, at 1320; <u>Fowler v. Jones</u>, 899 F.2d 1088 (11th Cir. 1990) (appointment of counsel is a privilege, not a right).

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the Motion for Preliminary Injunction, including the request for appointment

Case No: 1:10-cv-00144-MP -GRJ

of counsel, be **DENIED**.

At Gainesville, Florida, this 28th day of September, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**