IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KENNETH GREGORY BEBOUT,

      Plaintiff,

v.                                          CASE NO. 1:10-cv-144-MP-GRJ

ROBERT WOODY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      Pending before the Court is Defendant Woody's Amended Motion To Dismiss. (Doc. 21.)  Plaintiff has not filed a response to the motion, even though the time within which to do so has long since expired.[1]  Defendant Woody advises that Plaintiff was released from the Alachua County Jail on October 20, 2010 after the entry of a *nolle prosequi* in the pending criminal case against him.  Accordingly, Defendant Woody requests that the Court dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that this Court lacks subject matter jurisdiction over this action.  For the reasons discussed below, it is respectfully **RECOMMENDED** that Defendant Woody's motion should be granted and this cause should be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

## Discussion

      In the Amended Complaint Plaintiff brings a claim for violation of Plaintiff's rights under the First Amendment because the Alachua County Jail failed to provide him with

---

[1] Defendant's Amended Motion to Dismiss was filed on November 19, 2010.

Kosher meals. The only relief requested by Plaintiff is the issuance of an injunction requiring the Alachua County Jail to provide him with kosher meals.  (Doc. 8.) On January 3, 2011 this Court entered an order denying Plaintiff's motion for a preliminary injunction and referred this case back to the undersigned for further proceedings.  (Doc. 22.)

Defendant Woody now requests the Court to dismiss the case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff has been released from the Alachua County Jail and, therefore, the case is moot.

In support of the motion, Defendant Woody has submitted the affidavit of Ms. Cheryl Stinson –  the Booking Support Bureau Chief at the Alachua County Jail, who is in charge of maintaining the jail's inmate booking files –   attesting that Plaintiff was released from the jail on October 20, 2010 and that he has not been in custody at the Alachua County Jail since that date.  Ms. Stinson also declares that she performed a search of the FCIC/NCIC and Alachua County Master Name Index (MNI)/warrants records databases prior to Plaintiff's release and determined that there were no arrest warrants, active holds or detainers currently pending for Plaintiff that would cause him to be returned to the Alachua County Jail.  Also attached as an exhibit to Ms. Stinson's affidavit is a copy of Plaintiff's booking record from the Alachua County Jail, which reflects that Plaintiff was released from the Alachua County Jail on October 20, 2010 at 6:39 p.m.  (Doc. 21-1 p. 3.)

In order to invoke the jurisdiction of a federal court, Plaintiff must satisfy the threshold requirements imposed by Article III of the Constitution by alleging a live case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).  To meet this

requirement, Plaintiff must show that (1) he has suffered an "injury in fact," (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable  decision. 31 Foster Children v. Bush, 329 F.3d 1255, 1263 (11th Cir. 2003).   To obtain prospective injunctive relief, Plaintiff must establish that he has a "personal stake" in the outcome of the proceedings by showing a "real and immediate" threat of future injury. Stewart v. McGinnis, 5 F.3d 1031, 1037 (7th Cir. 1993).  A case is deemed moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." 31 Foster Children, 329 F.3d at 1263 (11th Cir. 2003)(quoting Powell v. McCormick, 395 U.S. 486, 496 (1969)).  In other words, a case is moot when it "no longer presents a live controversy with respect to which the court can give meaningful relief."  Id. (quoting Fla. Ass'n of Rehab Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Servs., 255 F.3d 1208, 1217 (11th Cir. 2000)).

This case no longer presents a live controversy with respect to which this Court can give meaningful relief because Plaintiff has been released from the Alachua County Jail and the only relief sought by Plaintiff is prospective injunctive relief. Therefore, because a live controversy no longer exists between Plaintiff and Defendant Woody Plaintiff no longer has Article III standing to pursue this action.  Accordingly, this case is moot warranting dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1).

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant

Woody's Amended Motion To Dismiss (Doc. 21) should  be **GRANTED** and this cause

should  be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

**IN CHAMBERS** at Gainesville, Florida, this 10th day of May, 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**